11/12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
Christopher M. Palermo,                    \*
                                           \*
         Plaintiff                         \*
                                           \*
v.                                         \*    Civil Action No. 08-CV-87-JD
                                           \*
Rockingham County Department of            \*
Corrections, Al Wright & Kent Threlfail    \*
                                           \*
         Defendants.                       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Approved and adopted as a pretrial scheduling order. Trial 11/3/09*

*James R. Muirhead*
*U.S. Magistrate Judge*
*Date: 11/12/09*

### DEFENDANT'S PROPOSED DISCOVERY PLAN
### PURSUANT TO Fed.R.Civ.P. 26(f)

**DATE/PLACE OF CONFERENCE:**

Pursuant to Fed. R. Civ. P. 26(a)(1)(E), defendant's counsel has not conferenced this matter with plaintiff. A copy of this proposed plan has been forwarded to the plaintiff.

**COUNSEL PRESENT/REPRESENTING:**

~~Ralph Holder~~, pro se plaintiff
Brian J.S. Cullen for Rockingham County Department of Corrections, Al Wright and Kent Threlfail

### CASE SUMMARY

**THEORY OF LIABILITY:**

Plaintiff alleges that the Rockingham County Department of Corrections violated his First Amendment rights by: (a) refusing to provide a religious diet; (b) refusing to permit use of ritual items; and (c) refusing to recognize the Wicca religion. He also alleges that the defendants denied him access to the courts by failing to maintain an adequate law library.

**THEORY OF DEFENSE:**

Defendants deny all liability and assert that the plaintiff failed to exhaust administrative remedies prior to filing this suit. Defendants assert defenses of qualified immunity, discretionary function immunity, and other applicable immunities.

**DAMAGES:**

Plaintiff seeks $50,000, per his civil action cover sheet.

**DEMAND:**

January 15, 2009

**OFFER (if any):**

February 28, 2009

**JURISDICTIONAL QUESTIONS:**

None.

**QUESTIONS OF LAW:**

Whether the plaintiff complied with the Prisoner Litigation Reform Act.
Whether defendants were entitled to qualified, official or discretionary function immunity on all counts.
Defendants reserve the right to supplement the questions of law as discovery proceeds.

**TYPE OF TRIAL:**

Jury.

## DISCOVERY

**TRACK ASSIGNMENT:**

Standard —12 months

**DISCOVERY NEEDED:**

*Plaintiff will seek any and all information related to the plaintiff's claims and defenses asserted or to be asserted by the defendants.*

Defendants will seek all documents and other evidence of damages to the plaintiff and evidence of plaintiff's religious and medical history. Further discovery will be determined as plaintiff's claims are more fully described. Defendants will seek to depose the plaintiff.

**MANDATORY DISCLOSURES (Fed.R.Civ.P.26(a)(1))**

The parties will waive mandatory disclosures pursuant to Rule 26(a)(1)(E).

**ELECTRONIC DISCOVERY**

The parties will comply with all electronic discovery rules. Inadvertent waiver is not to be construed as a general waiver of applicable privileges.

**COMPLETION OF DISCOVERY:**

Thirty (30) days prior to trial.

**INTERROGATORIES:**

A maximum of ~~30~~ 25 interrogatories by each party to any other party. Responses due 45 days after service unless otherwise agreed to pursuant to Fed.R.Civ.P. 29.

**ISSUES RE: CLAIMS OF PRIVILEGE**

The parties agree that should material protected by the attorney-client privilege and/or the work product doctrine be inadvertently produced during discovery, such material will not constitute a general waiver of privilege.

**REQUESTS FOR ADMISSION:**

A maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed.R.Civ.P. 29.

**DEPOSITIONS:**

A maximum of 5 depositions by plaintiff and 5 by defendants. Each deposition limited to maximum of 8 hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**

**Plaintiff:** July 1, 2009
**Defendant:** September 1, 2009

**CHALLENGES TO EXPERT TESTIMONY:**

Sixty (60) days before trial.

## **OTHER ITEMS**

**JOINDER OF ADDITIONAL PARTIES:**

    **Plaintiff:** January 30, 2009
    **Defendants:** March 1, 2009

**THIRD-PARTY ACTIONS:**

    **Plaintiff:** January 30, 2009
    **Defendants:** March 1, 2009

**AMENDMENT TO PLEADINGS:**

    **Plaintiff:** January 30, 2009
    **Defendants:** March 1, 2009

**DISPOSITIVE MOTIONS:**
    **To Dismiss:** April 15, 2009
    **For Summary Judgment:** August 1, 2009

**SETTLEMENT POSSIBILITIES:**

The parties are not presently in a position to evaluate settlement.

**JOINT STATEMENT RE: MEDIATION:**

The parties are not presently in a position to evaluation mediation or its benefit in this case, and therefore do not agree to conduct same. Should discovery suggest that mediation would be beneficial, parties will notify the court.

**TRIAL ESTIMATE:**

2-3 days

**TRIAL DATE:**

November, 2009.

**PRELIMINARY PRETRIAL CONFERENCE:**

October, 2009

**OTHER MATTERS:**
    N/A

                                  Respectfully submitted,

                                  ROCKINGHAM COUNTY HOUSE OF CORRECTIONS, SUPERINTENDENT AL WRIGHT, AND REV. KENT THRELFAIL

                                  By Their Attorneys,

                                  CULLEN COLLIMORE, PLLC

Date: 11/4/08                    By:      /s/ Brian J.S. Cullen
                                              Brian J.S. Cullen, Bar# 11265
                                              10 East Pearl Street
                                              Nashua, NH 03060
                                              (603) 881-5500
                                              bcullen@cullencollimore.com

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing was forwarded via postage prepaid first class mail this 4th day of November, 2008 to Christopher Palermo, #12437, NH State Prison for Men, 281 North State Street, PO Box 14, Concord, NH 03302-0014, pro se.

                                                      /s/ Brian J.S. Cullen
                                                    Brian J.S. Cullen