**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Christopher Palermo</u>

    v.                                Civil No. 08-cv-087-JD

<u>Rockingham County Department of Corrections</u>


<u>Christopher Palermo</u>

    v.                                Civil No. 08-cv-109-JL

<u>Coos County Department of Corrections</u>


<u>Christopher Palermo</u>

    v.                                Civil No. 08-cv-126-JL

<u>Merrimack County Department of Corrections</u>


<u>Christopher Palermo</u>

    v.                                Civil No. 08-cv-139-PB

<u>Merrimack County Department of Corrections</u>

**<u>REPORT AND RECOMMENDATION</u>**

    Christopher Palermo has filed a motion for a preliminary injunction in four separate suits he has filed in this Court. Three of those suits, <u>Palermo v. Rockingham County Dep't of Corrs.</u>, 08-cv-087-JD, <u>Palermo v. Coos County Dep't of Corrs.</u>, 08-cv-109-JL, and <u>Palermo v. Merrimack County Dep't of Corrs.</u>, 08-

cv-126-JL, are pending. A fourth case, Palermo v. Merrimack County Dep't of Corrs., 08-cv-139-PB, was dismissed on October 12, 2008. This recommendation pertains, therefore, only to the three above-numbered open cases. As to those cases, Palermo seeks an Order directing the New Hampshire State Prison to return Palermo to New Hampshire from the Rhode Island prison to which they have transferred him.

## Discussion

Palermo seeks to enjoin the state prison and its officials in lawsuits against Rockingham, Coos, and Merrimack Counties and employees of those counties.[1] Neither the New Hampshire State Prison nor any of its employees are parties to any of the pending lawsuits. In order to bind a nonparty by injunction, the plaintiff must prove either that the nonparty participated in a violation, by a party, of an existing injunction, or that the nonparty is subject to the injunction because it is legally

---

[1] Because I can decide the matter on the face of the pleadings, I decline to order a hearing. See Rosario-Urdoz v. Rivera-Hernandez, 350 F.3d 219, 223 (1st Ci. 2003) (citing Aoude v. Mobil Oil Corp., 862 F.2d 890, 894 (1st Cir. 1988) (evidentiary hearing not an "indispensable requirement" for deciding motion for preliminary injunction where matter can be "heard" on papers)); see also Syntex Opthalmics, Inc. v. Tsuetaki, 701 F.2d 677, 682 (7th Cir. 1983) (evidentiary hearing not mandated where "evidence already in the district court's possession" enabled it to reach reasoned conclusions).

identified with a party.  See Fed. R. Civ. P. 65(d) (injunction "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order . . ."); G. & C. Merriam Co. v. Webster Dictionary Co., 639 F.2d 29, 36 (1st Cir. 1980) ("[t]o hold a nonparty bound by an injunction it is thus essential to prove either that the nonparty participated in the contumacious act of a party or that the nonparty was subject to the injunction because legally identified with a party").  A nonparty legally identified with a party for purposes of injunction is one who is identified with the party "in interest, in 'privity' with them, or subject to their control."  Id. (explaining that Rule 65(d) is derived from the common law and thus should not be construed narrowly to apply only to those persons named within the rule).

The current motion for injunctive relief alleges neither wrongdoing on the part of any named defendant nor participation by a nonparty in any wrongdoing of a party.  Further, the State Prison and its employees are not legally identifiable with any of the named defendants to the pending actions.  In New Hampshire, counties and their agencies are considered local government units

subject to suit in their own right.  See N.H. Rev. Stat. Ann. 507-B:1 (1997) (defining a "governmental unit" as "any political subdivision within the state including any county, city, town . . ., but [not including] the state or any department or agency thereof"); N.H. Rev. Stat. Ann. 23:1 (1988) (providing that "each county is a body corporate for the purpose of suing and being sued").  Further, the plaintiff has offered no evidence that the named defendants are in privity with the State Prison or any of its employees, or in any way subject to their control.  For all of these reasons, I recommend that the plaintiff's motion for a preliminary injunction be denied.

I note that Palermo's allegations might constitute a new cause of action.  In order to press such an action, Palermo must initiate a separate lawsuit against the appropriate State Prison official or officials.  Nothing in this Report and Recommendation should be read to comment on the merits or viability of such a suit should Palermo wish to pursue that course of action.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of

<u>Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                                /s/ James R. Muirhead
                                                James R. Muirhead
                                                United States Magistrate Judge

Date:    December 2, 2008

cc:     Christopher Palermo, pro se
        Brian J.S. Cullen, Esq.
        Corey M. Belobrow, Esq.
        Jonathan A. Lax, Esq.